**Michael ZAMARRIPA, Appellant**

v.

**The STATE of Texas State**

**NO. 02–15–00409–CR**

Court of Appeals of Texas,
Fort Worth.

DELIVERED: December 15, 2016

Discretionary Review Refused
March 1, 2017

Kimberley Campbell, Factor & Campbell, Fort Worth, Texas, for Appellant.

Sharen Wilson, Criminal District Attorney, Debra Windsor, Chief of Post Conviction, John E. Meskunas, Molly Davis, Rebecca McIntire, Assistant Criminal District Attorneys for Tarrant County, Fort Worth, Texas, for State.

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

## OPINION

### LEE ANN DAUPHINOT, JUSTICE

Appellant Michael Zamarripa pled true to the allegations in the State's petition to adjudicate, and the trial court revoked his deferred adjudication community supervision, adjudicated his guilt for the offense of burglary of a habitation, and sentenced him to eight years' confinement. In his sole point, Appellant challenges only one aspect of the trial court's judgment revoking his deferred adjudication community supervision and adjudicating him guilty: he contends that the trial court violated his right to due process by erroneously assessing community supervision fees as reparations in the judgment. Because we overrule this point, we affirm the trial court's judgment.

Appellant may raise this point for the first time on appeal.[1] However, this court has repeatedly rejected his primary argument that the assessment of community supervision fees as reparations violates due process or runs afoul of the code of criminal procedure.[2]

■■■ "[W]e review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply."[3] The Texas Court of Criminal Appeals has noted that although a bill of costs is not required to support a judgment for court costs, "it is the most expedient, and therefore, preferable method."[4] As this court has previously held, the amount of community supervision fees shown on the balance sheet in the clerk's record and in the certified bill of costs from the district clerk is evidence supporting the award of community supervision fees as reparations in the judgment.[5] In this case, the $292 in community supervi-

---

1. *See London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016).

2. *See Taylor v. State*, No. 02–15–00425–CR, 2016 WL 3159156, at *3–6 (Tex. App.–Fort Worth Sept. 28, 2016, pet. ref'd) (mem. op., not designated for publication) (collecting cases); *Tucker v. State*, Nos. 02–15–00265–CR, 02–15–00266–CR, 2016 WL 742087, at *1 (Tex. App.–Fort Worth Feb. 25, 2016, pet.

ref'd) (mem. op., not designated for publication).

3. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014).

4. *Id.* at 395–96.

5. *See, e.g., Tucker*, 2016 WL 742087, at *2.

sion fees appearing on the balance sheet and on the certified bill of costs supports the award of $292 in community supervision fees listed as reparations in the trial court's judgment.

That the clerk's record also contains a fee breakdown showing "0.00" for "Probation Fees Remaining" dated three days after the trial court adjudicated Appellant guilty and after the trial court had assessed the community supervision fees as reparations is not, as he argues, conclusive evidence that no fees were owed; rather, it must be weighed against the balance sheet and certified bill of costs.[6]

We overrule Appellant's only point and affirm the trial court's judgment.

---

**6.** *See Johnson,* 423 S.W.3d at 390, 395–96.