

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00385-CR

ANDREW AYALA                                                    APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
## TRIAL COURT NO. 1499719D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Andrew Ayala appeals from the trial court's judgment revoking his community supervision, adjudicating him guilty of assaulting his girlfriend by impeding her normal breathing, and sentencing him to two years' confinement. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(B) (West Supp. 2017); Tex. Code Crim. Proc. Ann. arts. 42A.101, .108 (West 2018). In three issues, Ayala

----------

[1]*See* Tex. R. App. P. 47.4.

argues that the $1,000 fine and $365 reparation amount included in the judgment and in the attached order to withdraw funds were in error and must be deleted.

The State agrees that because the trial court did not orally impose the $1,000 fine when sentencing Ayala, the judgment and withdrawal order must be modified to delete it. *See Taylor v. State*, 131 S.W.3d 497, 499–500 (Tex. Crim. App. 2004). Indeed, the record reflects that the trial court did not include the fine when orally pronouncing Ayala's sentence at the revocation hearing, which controls over the written judgment; thus, we agree with Ayala and the State that the fine must be deleted and sustain Ayala's first issue. *See id.* at 502; *Mitchell v. State*, No. 02-17-00112-CR, 2017 WL 6759032, at *1 (Tex. App.—Fort Worth Dec. 28, 2017, no pet.) (mem. op., not designated for publication).

In his second and third issues, Ayala argues that the amount included in the judgment and the withdrawal order as reparations—$365—must be deleted. This amount included $240 as community-supervision fees and $125 owed to the Community-Supervision and Corrections Department (CSCD) at the time of the revocation and adjudication. Ayala asserts in issue two that the $125 included as being "DUE TO CSCD" must be deleted because there is no record support or authority for the amount. But the record reflects that when the trial court deferred adjudicating Ayala's guilt and placed him on community supervision, it ordered him to pay $25 as a crime-stopper fee and $100 as a family-violence fee, both of which are authorized by statute. *See* Tex. Code Crim. Proc. Ann. arts. 42A.301(b)(20), .504(b) (West 2018). At the time the trial court revoked Ayala's

2

community supervision and adjudged him guilty of assault involving family violence, Ayala had not paid either amount. Ayala did not contest this evidence. Therefore, the record supports the assessment of $125 upon revocation and adjudication, which was included in the judgment and withdrawal order as part of the $365 reparation amount. *See, e.g.*, *Smith v. State*, Nos. 02-16-00412-CR, 02-16-00413-CR, 2017 WL 2276751, at *3–4 (Tex. App.—Fort Worth May 25, 2017, pet. ref'd) (mem. op., not designated for publication); *Strother v. State*, No. 14-12-00599-CR, 2013 WL 4511360, at *3 (Tex. App.—Houston [14th Dist.] Aug. 22, 2013, pet. ref'd) (mem. op., not designated for publication). We overrule issue two.

But the State concedes that the remaining portion of the reparations amount—$240—was incorrectly calculated and must be modified. The trial court placed Ayala on deferred-adjudication community supervision on July 31, 2017, and ordered him to pay $60 a month as a community-supervision fee beginning August 15, 2017. The trial court revoked Ayala's community supervision and adjudged him guilty on November 13, 2017; therefore, Ayala owed the $60 fee for August, September, and October 2017, but not for November 2017—$180.[2] Ayala argues that even this amount cannot be upheld because the clerk's "List of

---

[2]As the State points out, it appears that CSCD included the November 2017 community-supervision fee in its reparations calculation because it did not prepare its balance sheet until November 15, 2017—the due date of Ayala's November payment. But the revocation and adjudication occurred two days earlier, setting aside the July 2017 deferral order and ending the previously ordered community-supervision fees. *See Taylor*, 131 S.W.3d at 502.

3

Fee Breakdowns" showed that "Probation Fees Remaining" and "Due to CSCD Remaining" were "0.00." But CSCD's balance sheet reflected that the previously ordered costs for community-supervision, crime-stoppers, and family-violence fees were listed as reparations, which is allowable. *See* Tex. Code Crim. Proc. Ann. arts. 42.03, § 2(b), 42A.755(b) (West 2018); *Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd); *Tucker v. State*, Nos. 02-15-00265-CR, 02-15-00266-CR, 2016 WL 742087, at *2 (Tex. App.—Fort Worth Apr. 24, 2016, pet. ref'd) (mem. op., not designated for publication). Because these fees were characterized as reparations in CSCD's balance sheet, the clerk's fee-breakdown list correctly noted that there were no amounts due as fees. We sustain in part Ayala's third issue.

The fine and part of the community-supervision fees assessed as reparations must be deleted from the trial court's judgment and the attached order to withdraw funds. We modify the trial court's judgment to delete the $1,000 fine and to assess $305 as reparations. We modify the attached order to withdraw funds to reflect that the amount of "[c]ourt costs, fees and/or fines and/or restitution" incurred is $618.60.[3] As modified, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(b).

---

[3]This amount is the result of $313.60 in court costs, which Ayala does not challenge on appeal, added to the $305 modified reparations amount.

4

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  SUDDERTH, C.J.; GABRIEL and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 7, 2018