

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00374-CR

———————————————

ZACHARY AUGUSTE KITCHEN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1478907D

Before Pittman, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

In a single point, Appellant Zachary Auguste Kitchen challenges the reparations ordered in the judgment adjudicating his guilt. Because the record does not support the reparations, we delete them from the order to withdraw funds and from the judgment and affirm the judgment as modified.

In August 2017, the trial court placed Kitchen on nine years' deferred-adjudication community supervision. In December 2017, the State filed a petition to proceed to adjudication, alleging that Kitchen had violated five conditions of his community supervision. The trial court held a hearing at which the State waived paragraph two of its petition, and Kitchen pleaded "true" to the violation listed in paragraph one of the State's petition. The trial court accepted Kitchen's plea of "true" to paragraph one and also found paragraphs three through five to be true, adjudicated him guilty of the original offense of injury to a child causing bodily injury, and sentenced him to ten years' imprisonment.

The judgment orders Kitchen to pay reparations in the amount of $420. The record contains a "Revocation Restitution/Reparation Balance Sheet," which was produced by the Community Supervision and Corrections Department of Tarrant County on July 10, 2018, and reflects that the $420 in reparations consists solely of probation fees. The record also contains (1) a certified bill of costs reflecting total court costs of $0.00 and (2) a "List of Fee Breakdowns," which was prepared by the

Tarrant County District Clerk on July 11, 2018, and shows $0.00 probation fees remaining.

In his sole point on appeal, Kitchen argues that the trial court violated his right to due process when it imposed probation fees as reparations in the judgment.[1] Kitchen challenges that reparations can be defined broadly enough to include probation fees. We have repeatedly rejected this argument, and we decline to reexamine the argument here.[2] *See Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd); *Tucker v. State*, Nos. 02-15-00265-CR, 02-15-00266-CR, 2016 WL 742087, at *2 (Tex. App.—Fort Worth Feb. 25, 2016, pet. ref'd) (mem. op., not designated for publication).

Because the statement of an issue is treated as covering every subsidiary question that is fairly included, we broadly construe Kitchen's argument to also challenge the trial court's imposition of probation fees. *See generally* Tex. R. App. P. 38.1(f) (stating rule on issues presented in briefs). The trial court may include fees—such as probation fees—in the judgment, but to include such fees, the State must supply evidence that the defendant actually owes them. *See Strange v. State*, No. 02-14-00055-CR, 2014 WL 3868225, at *1 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.) (mem. op., not designated for publication) (citing *Lewis v. State*, 423 S.W.3d 451, 460–

[1]Kitchen's brief also argues that the trial court should not have imposed money "Due to CSCD" as reparations. Because the record does not reflect that any money "Due to CSCD" was imposed as reparations, we need not address this argument.

[2]Kitchen's brief acknowledges that this court has held contrary to his argument.

61 (Tex. App.—Fort Worth 2013, pet. ref'd)).  The Texas Court of Criminal Appeals has noted that although a bill of costs is not required to support a judgment for costs, "it is the most expedient, and therefore, preferable method." *Johnson v. State*, 423 S.W.3d 385, 396 (Tex. Crim. App. 2014).

Here, the State did not allege the nonpayment of probation fees and did not offer any evidence that Kitchen was in arrears.  Moreover, the certified bill of costs, as well as the "List of Fee Breakdowns," shows that Kitchen did not owe probation fees.  Because the State did not allege that Kitchen had violated his community supervision by not paying the probation fees, because the State did not prove that Kitchen had not paid the probation fees as ordered in his conditions of community supervision, and because the trial court did not find that Kitchen had not paid the probation fees as ordered, we hold that the record does not support the probation fees, which were listed as reparations and ordered to be paid in the judgment.  *See Strange*, 2014 WL 3868225, at *2.  Accordingly, we sustain Kitchen's sole point.

Having sustained Kitchen's sole point challenging the reparations ordered in the judgment, we delete $420 from the order to withdraw funds so that it reflects that $0 should be withdrawn from Kitchen's inmate trust account, and we delete the line in the judgment that states, "REPARATIONS IN THE AMOUNT OF $420." *See Hill v. State*, No. 02-17-00088-CR, 2017 WL 3821898, at *1 (Tex. App.—Fort Worth Aug. 31, 2017, no pet.) (mem. op., not designated for publication) (striking reparations

4

when the only evidence for probation fees was contradictory); *Strange*, 2014 WL 3868225, at \*2 (same).

We also note that the judgment of adjudication contains nonreversible clerical errors. The trial court attempted to correct these errors in a judgment nunc pro tunc, but that document also contains clerical errors. The judgment adjudicating guilt states, "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as attached: <u>PARAGRAPHS ONE, TWO, THREE[,] AND FOUR</u>." The judgment nunc pro tunc states, "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as attached: <u>PARAGRAPHS THREE, FOUR, AND FIVE</u>." As set forth above, the record from the adjudication hearing reflects that the trial court accepted Kitchen's plea of "true" to paragraph one and also found paragraphs three through five to be true. This court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Because the necessary information is available here, we modify the judgment nunc pro tunc to state, "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as attached: <u>PARAGRAPHS ONE, THREE, FOUR, AND FIVE</u>." *See Norris v. State*, No. 06-16-00151-CR, 2017 WL 1536200, at \*1 (Tex. App.—

5

Texarkana Apr. 27, 2017, pet. ref'd) (mem. op., not designated for publication) (modifying judgment nunc pro tunc that contained clerical error); *Wiley v. State*, No. 03-14-00563-CR, 2015 WL 3453891, at *2 (Tex. App.—Austin May 27, 2015, no pet.) (mem. op., not designated for publication) (modifying judgment adjudicating guilt to correctly identify the paragraphs of the State's motion to adjudicate that the trial court found appellant had violated).

As modified, we affirm the trial court's judgment adjudicating guilt and the judgment nunc pro tunc.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 31, 2018