

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00176-CR

_____

KENDRA PHILLIANA MAXION, Appellant

V.

The State of Texas

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1398848D

---

Before Gabriel, Pittman, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

In a single point, Appellant Kendra Philliana Maxion challenges the reparations ordered in the judgment adjudicating her guilt. Because the record does not support the reparations, we delete them from the order to withdraw funds and from the judgment and affirm the judgment as modified.

In 2015, the trial court placed Maxion on five years' deferred-adjudication community supervision. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A) (West 2016). The State ultimately filed a sixth amended petition to proceed to adjudication, alleging that Maxion had violated eight conditions of her community supervision. The trial court held a hearing at which the State waived several violations, and Maxion pleaded true to the remaining violations. The trial court accepted Maxion's pleas of true, adjudicated her guilty of the original offense of evading arrest or detention with a motor vehicle, and sentenced her to six years' imprisonment.

The judgment orders Maxion to pay reparations in the amount of $555. The record contains a "Revocation Restitution/Reparation Balance Sheet," which was produced by the Community Supervision and Corrections Department of Tarrant County on April 3, 2018, and reflects that the $555 in reparations consists of $540 in probation fees and $15 in fees "DUE TO CSCD." The record also contains (1) a certified bill of costs reflecting total court costs of $0.00 and (2) a "List of Fee Breakdowns," which was prepared by the Tarrant County District Clerk on April 3, 2018, and shows $0.00 probation fees remaining.

In her sole point on appeal, Maxion argues that the trial court violated her right to due process when it imposed money "DUE TO CSCD" and probation fees as reparations in the judgment. The State concedes that the $15 fee "DUE TO CSCD" should be deleted from the reparations total because there is no statutory basis for the fee. We agree. *See Lewis v. State*, 423 S.W.3d 451, 461 (Tex. App.—Fort Worth 2013, pet. ref'd) (striking from the reparations total the amount "Due to CSCD" because there was no support in the record to show where the amount came from); *see also Demerson v. State*, No. 02-18-00003-CR, 2018 WL 3580893, at *3 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op., not designated for publication) (collecting cases from this court deleting fees "Due to CSCD"). We therefore sustain the portion of Maxion's sole point challenging the portion of reparations that represents fees "DUE TO CSCD."

With regard to the portion of the reparations that represents probation fees, Maxion challenges that reparations can be defined broadly enough to include probation fees. We have repeatedly rejected this argument, and we decline to reexamine the argument here.[1] *Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd); *Tucker v. State*, Nos. 02-15-00265-CR, 02-15-00266-CR, 2016 WL 742087, at *2 (Tex. App.—Fort Worth Feb. 25, 2016, pet. ref'd) (mem. op., not designated for publication).

---

[1]Maxion's brief acknowledges that this court has held contrary to her argument.

Because the statement of an issue is treated as covering every subsidiary question that is fairly included, we broadly construe Maxion's argument to also challenge the trial court's imposition of probation fees. *See generally* Tex. R. App. P. 38.1(f) (stating rule on issues presented in briefs). The trial court may include fees—such as probation fees—in the judgment, but to include such fees, the State must supply evidence that the defendant actually owes them. *See Strange v. State*, No. 02-14-00055-CR, 2014 WL 3868225, at * 1 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.) (mem. op., not designated for publication) (citing *Lewis*, 423 S.W.3d at 460–61). The Texas Court of Criminal Appeals has noted that although a bill of costs is not required to support a judgment for costs, "it is the most expedient, and therefore, preferable method." *Johnson v. State*, 423 S.W.3d 385, 396 (Tex. Crim. App. 2014).

Here, the State did not allege the nonpayment of probation fees and did not offer any evidence that Maxion was in arrears. Moreover, the certified bill of costs, as well as the "List of Fee Breakdowns," shows that Maxion did not owe probation fees. Because the State did not allege that Maxion had violated her community supervision by not paying the probation fees, because the State did not prove that Maxion had not paid the probation fees as ordered in her conditions of community supervision, and because the trial court did not find that Maxion had not paid the probation fees as ordered, we hold that the record does not support the probation fees, which were listed as reparations and ordered to be paid in the judgment. *See Strange*, 2014 WL 3868225, at *2. Accordingly, we sustain the remainder of Maxion's sole point.

4

Having sustained Maxion's sole point challenging the reparations ordered in the judgment, we delete $555 from the order to withdraw funds so that it reflects that $0 should be withdrawn from Maxion's inmate trust account; we delete the line in the judgment that states, "REPARATIONS IN THE AMOUNT OF $555"; and we affirm the judgment as modified. *See Hill v. State*, No. 02-17-00088-CR, 2017 WL 3821898, at *1 (Tex. App.—Fort Worth Aug. 31, 2017, no pet.) (mem. op., not designated for publication) (striking reparations when the only evidence for probation fees was contradictory); *Strange*, 2014 WL 3868225, at *2 (same).

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 31, 2018