

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-18-00374-CR
_____

ZACHARY AUGUSTE KITCHEN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1478907D

---

Before Pittman, Birdwell, and Bassel, JJ.
Memorandum Opinion on Rehearing by Justice Bassel

Birdwell, J., dissents from the part of this court's judgment that deletes the reparations award, for the reasons articulated by Gabriel, J., in her dissenting and concurring memorandum opinion on rehearing in *Maxion v. State*, No. 02-18-00176-CR, but concurs in the remainder of the judgment. Gabriel, J., although not a panel member, joins Birdwell, J., in accordance with Tex. R. App. P. 47.5.

**MEMORANDUM OPINION ON REHEARING**

On December 31, 2018, this court issued an opinion modifying the trial court's judgment to delete $420 in reparations that were not supported by the record. The State filed a motion for rehearing and a motion for en banc reconsideration contending that the language we used in reaching our holding intimated that the State was required to plead or allege the failure to pay probation fees as a ground in its petition to proceed to adjudication in order to recover such fees and asserting that the record is sufficient to support the reparations ordered by the trial court. We deny the State's motion for rehearing but withdraw our prior opinion and judgment dated December 31, 2018, and substitute the following opinion and judgment. We dismiss the State's motion for en banc reconsideration as moot.

## I. Introduction

In a single point, Appellant Zachary Auguste Kitchen challenges the reparations ordered in the judgment adjudicating his guilt. Because the record does not support the reparations, we delete them from the order to withdraw funds and from the judgment and affirm the judgment as modified.

## II. Background

In August 2017, the trial court placed Kitchen on nine years' deferred-adjudication community supervision. *See* Tex. Penal Code Ann. § 22.04(f). Kitchen's conditions of community supervision required him to pay a supervision fee of $60 monthly beginning September 15, 2017. In December 2017, the State filed a petition

to proceed to adjudication, alleging that Kitchen had violated five conditions of his community supervision. On July 3, 2018, the trial court held a hearing at which the State waived paragraph two of its petition, and Kitchen pleaded "true" to the violation listed in paragraph one of the State's petition. The trial court accepted Kitchen's plea of "true" to paragraph one and also found paragraphs three through five to be true, adjudicated him guilty of the original offense of injury to a child causing bodily injury, and sentenced him to ten years' imprisonment. The judgment orders Kitchen to pay reparations in the amount of $420.

### III. Reparations Not Supported by the Record

In his sole point on appeal, Kitchen argues that the trial court violated his right to due process when it imposed probation fees as reparations in the judgment.[1] Kitchen challenges that reparations can be defined broadly enough to include probation fees. We have repeatedly rejected this argument, and we decline to reexamine the argument here.[2] *See Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd); *Tucker v. State*, Nos. 02-15-00265-CR, 02-15-00266-CR, 2016 WL 742087, at *2 (Tex. App.—Fort Worth Feb. 25, 2016, pet. ref'd) (mem. op., not designated for publication).

---

[1]Kitchen's brief also argues that the trial court should not have imposed money "Due to CSCD" as reparations. Because the record does not reflect that any money "Due to CSCD" was imposed as reparations, we need not address this argument.

[2]Kitchen's brief acknowledges that this court has held contrary to his argument.

3

Because the statement of an issue is treated as covering every subsidiary question that is fairly included, we broadly construe Kitchen's argument to also challenge the trial court's imposition of probation fees. *See generally* Tex. R. App. P. 38.1(f) (stating rule on issues presented in briefs). The code of criminal procedure provides that "a judge who grants community supervision to a defendant shall set a fee of not less than $25 and not more than $60 to be paid each month during the period of community supervision by the defendant." Tex. Code Crim. Proc. Ann. art. 42A.652(a). The code of criminal procedure also mandates that when a person is required to pay a cost, that cost must be documented by a bill. *See id.* art. 103.001(b). The fact that the charge for community supervision is described as a fee rather than as a cost does not except it from the requirement of including it on a written bill. *Cf. Beard v. State*, Nos. 09-13-00391-CR, 09-13-00392-CR, 2013 WL 6705981, at *2 (Tex. App.—Beaumont Dec. 18, 2013, no pet.) (mem. op., not designated for publication) (treating administrative fee that is assessed for an individual's failure to pay the monthly community supervision fee as a cost subject to the requirements of article 103.001); *cf. also Ireland v. State*, No. 03-14-00615-CR, 2015 WL 4914732, at *1 (Tex. App.—Austin Aug. 12, 2015, no pet.) (mem. op., not designated for publication) (discussing administrative transaction fee established by article 102.072 as a court cost).

A record is sufficient to support a requirement to pay owed probation fees as reparations when it contains an uncontradicted, unobjected-to CSCD balance sheet

4

showing the arrearage.  *See Smith v. State*, Nos. 02-16-00412-CR, 02-16-00413-CR, 2017 WL 2276751, at *4 (Tex. App.—Fort Worth May 25, 2017, pet. ref'd) (mem. op., not designated for publication).  The Texas Court of Criminal Appeals has noted that although a bill of costs is not required to support a judgment for costs, "it is the most expedient, and therefore, preferable method."  *Johnson v. State*, 423 S.W.3d 385, 396 (Tex. Crim. App. 2014); *see Steen v. State*, No. 02-13-00559-CR, 2014 WL 4243702, at *2 (Tex. App.—Fort Worth Aug. 28, 2014, pet. ref'd) (mem. op., not designated for publication) (applying *Johnson* to probation fees assessed in bill of costs).  Accordingly, this court has previously relied on the bill of costs or an uncontradicted CSCD balance sheet or both—when they reflect the same amount—to determine the amount of probation fees due, as exemplified in the following cases.

## A.  Summary of Prior Holdings[3]

In *Steen*, we held that the certified bill of costs, showing that the appellant owed $2,507 in community-supervision fees at the time of the revocation hearing was "enough to support inclusion in the judgment of $2,507 in statutorily-authorized, community-supervision fees."  2014 WL 4243702, at *2.  In that case, the record also included a CSCD balance sheet showing fees "DUE TO CSCD" of $137 and probation fees of $2,370 for total reparations of $2,507.

In *Tucker*, we held that "[t]he amount of the community supervision fees owed were supplied by the Balance Sheet and the Certified Bill of Costs, both of which are

[3]Each of the following cases dealt with reparations assessed in Tarrant County.

part of the record. This is sufficient evidence to support the amount of $120 in community supervision fees assessed as reparations." 2016 WL 742087, at *2

In *Taylor v. State*, both the bill of costs and the CSCD balance sheet reflected that the appellant owed $135 in reparations, and only the list of fee breakdowns showed that there was $0 in probation fees remaining. No. 02-15-00425-CR, 2016 WL 3159156, at *5 (Tex. App.—Fort Worth June 2, 2016, pet. ref'd) (mem. op., not designated for publication). We looked at the three documents collectively in the light most favorable to the award of reparations and held that the certified bill of costs and the CSCD balance sheet "qualif[ied] as sufficient evidence to support the reparations." *Id.*

Similarly, in *Zamarripa*, we held that "the $292 in community supervision fees appearing on the balance sheet and on the certified bill of costs support[ed] the award of $292 in community supervisions fees listed as reparations in the trial court's judgment" and disregarded the list of fee breakdowns that showed $0 for probation fees remaining. 506 S.W.3d at 716–17.

In *Smith*, we held that "in the absence of contradicting evidence showing that appellant did not owe the reparations or had already paid them, the CSCD balance sheet contained in the record is sufficient to support the reparations." 2017 WL 2276751, at *3 (footnote omitted). The record, however, reflects that the bill of costs did not list any probation fees, that the CSCD balance sheet reflected probation fees

6

of $1,085 as reparations, and that the list of fee breakdowns reflected $0 in probation fees remaining.

In *Hill v. State*, the record contained contradictory documents showing that the appellant owed probation fees of either $1,605 (the CSCD balance sheet) or $0 (the bill of costs did not list any and the list of fee breakdowns reflected $0), and the State conceded that there was no evidence or any finding in the record that the appellant had failed to pay $1,605 in probation fees. No. 02-17-00088-CR, 2017 WL 3821898, at *1 (Tex. App.—Fort Worth Aug. 31, 2017, no pet.) (mem. op., not designated for publication). We agreed and deleted the reparations.

In *Riojas v. State*, we relied solely on the CSCD balance sheet and did not mention the bill of costs, which was part of the record and did not list any outstanding probation fees. No. 02-18-00026-CR, 2018 WL 3580897, at *2 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op., not designated for publication). Utilizing the terms from the appellant's conditions of community supervision, we multiplied the $60 monthly fee times the eight months that had elapsed between when the trial court placed the appellant on deferred-adjudication community supervision and when it revoked his community supervision. *Id.* That amount—$480—matched the amount shown on the CSCD balance sheet. *Id.* Accordingly, we held that the record supported the $480 portion of the reparations ordered for probation fees. *Id.*

In *Ayala v. State*, we relied on the CSCD balance sheet instead of the list of fee breakdowns but recalculated the probation fees because the State conceded that it had

7

charged the appellant for one extra month. No. 02-17-00385-CR, 2018 WL 2727954, at *1 (Tex. App.—Fort Worth June 7, 2018, no pet.) (mem. op., not designated for publication). The opinion does not mention the bill of costs, which was included in the record but did not list probation fees.

### B. Analysis

Here, the July 3, 2018 certified bill of costs, which is attached to this opinion as Appendix A, shows total costs of $0. The CSCD balance sheet, which was prepared one week later on July 10 and is attached to this opinion as Appendix B, shows $420 in probation fees. The "List of Fee Breakdowns," which was prepared on July 11 and is attached to this opinion as Appendix C, shows that Kitchen owed $0 in probation fees. On the face of these documents, there is a contradiction in the amount of probation fees that remain outstanding.

In its motion for rehearing, the State attempts to explain away any contradiction as follows:

> While the District Clerk's certified bill of costs and "List of Fee Breakdowns" do not show that Appellant owed probation fees at that time, these documents are not inconsistent and do not present contradictory evidence. All of these documents, together, demonstrate that on July 3, 2018, the day of Appellant's adjudication, no additional costs had been assessed when the Certified Bill of Costs was created. Then, on July 10, 2018, the Community Supervision and Corrections Department calculated Appellant's probation fees arrears at $420.00 and converted them to Reparations. Finally, when the district clerk pulled the records and created the List of Fee Breakdowns, on July 11, 2018, the remaining balance on probation fees was "$0.00" because, at that time, Appellant no longer owed probation fees but owed reparations. And the District Clerk's List of Fee Breakdowns makes no reference to

8

> reparations. In short, the Certified Bill of Cost, the District Clerk's List of Fee Breakdowns[,] and the CSCD Balance Sheet, considered together, confirm that Appellant owed probation fees. [Record references and footnotes omitted.]

This explanation of the procedure for how and when probation fees were converted to reparations is not, however, in the record. Nor does it explain why the total reparations were not listed on the bill of costs.[4]

Moreover, even if we assume that the above procedure was utilized and that the probation fees were converted to reparations, neither we nor the State can calculate the amount of outstanding probation fees. The State in its motion for rehearing states that Kitchen's total exposure for probation fees was $600, which was calculated by multiplying $60 per month times the ten months (from September 15, 2017 through June 15, 2018) that he was on probation. But the amount of outstanding probation fees shown on the CSCD balance sheet is $420. The State concludes,

---

[4]We note that the records from prior Tarrant County cases have listed reparations on the bill of costs. *See Zamarripa*, 506 S.W.3d at 717 (mentioning that community supervision fees were shown on the certified bill of costs; record reflects that the bill of costs lists the fee as "Reparation (Probation Fees)"); *Taylor*, 2016 WL 3159156, at *5 (same); *Tucker*, 2016 WL 742087, at *2 (same); *Steen*, 2014 WL 4243702, at *2 (stating that "[t]he certified bill of cost, included in the record of this case, show[ed that] Appellant owed $2,507 in community-supervision fees"; record reflects that the bill of costs lists the fee as "Reparation (Probation Fees)"); *Strange v. State*, No. 02-14-00055-CR, 2014 WL 3868225 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.) (mem. op., not designated for publication) (although not stated in the opinion because the State conceded error, the record contains a bill of costs reflecting "Reparation (Probation Fees)" of $443).

While there is no specific evidence regarding what months Appellant did or did not pay, this document supports that Appellant owed $420 in probation fees because he did not pay off the entire $600 owed.

In short, the evidence was sufficient to support the trial court's order for reparations. [Record references omitted.]

The State thus concedes that the amount of probation fees remaining cannot be calculated based on the record before us and that instead of calculating the amount, we are to rely on a single-line gross accounting entry that has no supporting detail.[5]

As set forth above, we have no case from this court in which a contradiction between the CSCD balance sheet and the bill of costs was highlighted and in which we chose to rely solely on the CSCD balance sheet for the amount of probation fees remaining. Nor have we relied solely on the CSCD balance sheet without being able to recalculate the amount shown or the amount conceded by the State.

Because the CSCD balance sheet is contradicted by the bill of costs and because the amount shown on the CSCD balance sheet cannot be recalculated, we conclude that the record does not support the amount of probation fees assessed as reparations. *See Hill*, 2017 WL 3821898, at *1. Accordingly, we sustain Kitchen's sole point.

---

[5]While we agree with the State that the existence of administrative documents in the record can be sufficient evidence to support an order for reparation, the administrative documents in the record in this case are insufficient to show that "there is a basis for the cost." *See Johnson*, 423 S.W.3d at 390. And unlike *Zamarripa*, which the State urges us to rely on, we do not have a certified bill of costs that matches the CSCD balance sheet. 506 S.W.3d at 716.

## IV. Conclusion

Having sustained Kitchen's sole point challenging the reparations ordered in the judgment, we delete $420 from the order to withdraw funds so that it reflects that $0 should be withdrawn from Kitchen's inmate trust account, and we delete the line in the judgment that states, "REPARATIONS IN THE AMOUNT OF $420." *See id.* (striking reparations when the only evidence of probation fees was contradictory).

We also note that the judgment of adjudication contains nonreversible clerical errors. The trial court attempted to correct these errors in a judgment nunc pro tunc, but that document also contains clerical errors. The judgment adjudicating guilt states, "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as attached: PARAGRAPHS ONE, TWO, THREE[,] AND FOUR." The judgment nunc pro tunc states, "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as attached: PARAGRAPHS THREE, FOUR, AND FIVE." As set forth above, the record from the adjudication hearing reflects that the trial court accepted Kitchen's plea of "true" to paragraph one and also found paragraphs three through five to be true. This court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Because the necessary information is available here, we modify the judgment nunc pro

11

tunc to state, "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as attached: <u>PARAGRAPHS ONE, THREE, FOUR, AND FIVE</u>." *See Norris v. State*, No. 06-16-00151-CR, 2017 WL 1536200, at *1 (Tex. App.—Texarkana Apr. 27, 2017, pet. ref'd) (mem. op., not designated for publication) (modifying judgment nunc pro tunc that contained clerical error); *Wiley v. State*, No. 03-14-00563-CR, 2015 WL 3453891, at *2 (Tex. App.—Austin May 27, 2015, no pet.) (mem. op., not designated for publication) (modifying judgment adjudicating guilt to correctly identify the paragraphs of the State's motion to adjudicate that the trial court found appellant had violated).

As modified, we affirm the trial court's judgment adjudicating guilt and the judgment nunc pro tunc.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 4, 2019

12



# BILL OF COST

## CAUSE NO. 1478907D

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 297TH DISTRICT COURT |
| | § | |
| v. | § | |
| | § | |
| ZACHARY AUGUSTE KITCHEN | § | TARRANT COUNTY, TEXAS |
| | § | |

The total cost assessed in this case for court costs:

### COURT COST BREAKDOWN

| Total Court Cost Breakdown: | $0.00 |
|---|---|

## DISTRICT COURT OF TARRANT COUNTY, TEXAS

I hereby certify that the foregoing is a correct account of the **Court Costs adjudged against the** Defendant in the above entitled and numbered cause, up to 7/3/2018.

Deputy, Elizabeth Gindratt
**Thomas A. Wilder, District Clerk**
Tarrant County, Texas



Page ____ of ____

**46**

13

*COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT*
*OF TARRANT COUNTY*

DATE:  7/10/18

TO: DAVID HAGERMAN, JUDGE          DEFENDANT: KITCHEN, ZACHARY
    D297                           CASE NO. : 1478907
                                   PROBATION OFFICER: SHANNON ALONZO

**********************************************************************************

REVOCATION RESTITUTION/REPARATION BALANCE SHEET - Art. 42.03 SEC. 2,b C.C.P.

| I. ADMINISTRATIVE FINANCIAL OBLIGATIONS | Total Amount Owed | Arrears |
|---|---|---|
| PROBATION FEES | $420.00 | $420.00 |
| Total of all Reparations Owed: | $420.00 | $420.00 |

II. COURT COST:

*Total Court Costs Remaining*     $0.00

Total Amount of Court Cost Owed:   $0.00                    $0.00

III. RESTITUTION *Total fines Remaining*     $0.00

Total Amount of Restitution Owed:  $0.00                    $0.00

**********************************************************************************

IV. CODEFENDANTS ALSO OBLIGATED TO PAY TOWARD ABOVE RESTITUTION:

Name                    Case

SCANNED

**38**

14

# Appendix C



jimsdetl
Tarrant County District Clerk
List of Fee Breakdowns
for D297-1478907-00

Page:    1
Date: 07/11/2018
Time: 08:46

Court Costs Remaining .......................... 0.00
Fines Remaining ................................ 0.00
Attorney Fees Remaining ........................ 0.00
CVCA Fees Remaining ............................ 0.00
Probation Fees Remaining ....................... 0.00
Due to CSCD Remaining .......................... 0.00
================================================
Balance Remaining .............................. 0.00

| No Money Transactions Fee Description | Amount Due |
|---|---|
| Clerk Fees | $40.00 |
| DC Rec Pre&Auto | $2.50 |
| DC Recs Tech | $4.00 |
| Sheriff Service | $10.00 |
| Security Fees | $5.00 |
| Crim. Records | $22.50 |
| Jury Service FD | $4.00 |
| PO Arrest Fee | $50.00 |
| PO Commit/Rel | $5.00 |
| Ind DefenseFund | $2.00 |
| Jud Support-CRM | $6.00 |
| E-File Crim | $5.00 |
| CCC-Felony | $133.00 |
| Total | $289.00 |

| Yes Money Transactions Fee Description | Amount Due |
|---|---|
| Clerk Fees | $40.00 |
| DC Rec Pre&Auto | $2.50 |
| DC Recs Tech | $4.00 |
| Sheriff Service | $10.00 |
| Security Fees | $5.00 |
| Crim. Records | $22.50 |
| Jury Service FD | $4.00 |
| PO Arrest Fee | $50.00 |
| PO Commit/Rel | $5.00 |
| Ind DefenseFund | $2.00 |
| Jud Support-CRM | $6.00 |
| E-File Crim | $5.00 |
| CCC-Felony | $133.00 |
| Total | $289.00 |

| Party Number & Name | Amount Paid |
|---|---|
| 1    KITCHEN, ZACHARY AUGUSTE | 289.00 |

Page 1

37