

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00176-CR

———————————————

KENDRA PHILLIANA MAXION, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1398848D

Before the En Banc Court
Memorandum Opinion by Justice Birdwell
Justices Pittman and Bassel dissent and concur without opinion.

**MEMORANDUM OPINION ON EN BANC RECONSIDERATION**

As we did in an unrelated appeal with the same issue—*Kitchen v. State*, No. 02-18-00374-CR, 2019 WL 30698761, at *1–2 (Tex. App.—Fort Worth July 15, 2019, no pet. h.) (op. on en banc reconsideration)—we have granted en banc reconsideration in this appeal. *See* Tex. R. App. P. 41.2(c), 49.7. In this appeal, a majority of the en banc court holds that Kendra Philliana Maxion raised only the following two complaints in her sole point on appeal: (1) that probation fees owed to a community supervision and corrections department cannot be assessed as reparations in a judgment adjudicating guilt or revoking probation and (2) that $15 of the total reparations assessed in her judgment of conviction should be deleted for lack of support in the record. Because the record does not support $15 of the $555 assessed as reparations, we delete that $15 from the judgment and affirm the judgment as modified.

**Background**

On June 16, 2015, the trial court placed Maxion on five years' deferred-adjudication community supervision for the third degree felony of evading arrest. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A). The judgment assessed court costs of $289 "PAYABLE TO AND THROUGH THE CRIMINAL DISTRICT CLERK'S OFFICE OF TARRANT COUNTY, TEXAS," but assessed no fine, no restitution, and no other charges or fees. As a condition of community supervision, the trial court required Maxion to pay $60 "each month during the period of supervision" to the Tarrant County Community Supervision and Corrections Department, beginning on

July 15, 2015. The trial court did not require Maxion to pay the $289 in court costs as a condition of community supervision.

The State eventually filed seven petitions seeking to adjudicate Maxion guilty of the original offense; the sixth amended petition filed in December 2017[1] alleged that Maxion had violated eight conditions of her community supervision, none of which dealt with whether she had paid her community supervision fees. The trial court held a hearing on March 28, 2018, at which the State waived several of the alleged violations and Maxion pleaded true to the remaining violations. The trial court accepted Maxion's pleas of true, adjudicated her guilty of the original offense, and sentenced her to six years' imprisonment.

The trial judge signed a judgment on April 3, 2018. The judgment shows court costs of "$0.00," lists "N/A" for a fine and restitution, and orders Maxion to pay $555 in reparations. The record contains an unsigned "Revocation Restitution/Reparation Balance Sheet," also dated April 3, 2018, from the Community Supervision and Corrections Department of Tarrant County. The balance sheet shows that the $555 in reparations consists of $540 in probation fees and $15 in unspecified fees "DUE TO CSCD." The record also contains (1) a Bill of Cost from the Tarrant County District Clerk certifying that "$0.00 . . . is a correct account of the

---

[1]The State filed its original petition to adjudicate on March 23, 2016. Thus, Maxion was obligated to pay nine months' of probation fees for July 2015 through March 2016.

3

Court Costs adjudged against" Maxion "up to 3/28/2018," and (2) an unsigned "List of Fee Breakdowns" from the Tarrant County District Clerk dated April 3, 2018, showing that Maxion had been charged and paid $314 in court costs but also showing "0.00" for both "Probation Fees Remaining" and "Due to CSCD Remaining."

Maxion appealed from the judgment adjudicating her guilt, but in her brief, she challenges only the trial court's assessment of reparations in the judgment.

### Record Does Not Support $15 of the Total Reparations

Maxion's sole point on appeal states, "The trial court violated Appellant's right to due process when it imposed money 'Due to CSCD' and probation fees as 'reparations' in the judgment of conviction." Her due process argument regarding probation fees is identical to Kitchen's argument: it is a general complaint that probation fees cannot be included in the legal or dictionary definition of reparations, and Maxion never complains that the record contains no evidentiary basis for the amount of probation fees assessed. *See Kitchen*, 2019 WL 3069871, at *2. Accordingly, we conclude that Maxion's point does not fairly include as a subsidiary issue the argument that the $540 in probation fees assessed as reparations does not have a basis in the record. *See id.*

Having repeatedly rejected the identical due process argument regarding whether probation fees may be assessed as reparations, we overrule that part of Maxion's point. *See id.*; *Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd); *Tucker v. State*, Nos. 02-15-00265-CR, 02-15-00266-CR, 2016

4

WL 742087, at *2 (Tex. App.—Fort Worth Feb. 25, 2016, pet. ref'd) (mem. op., not designated for publication).

But unlike the appellant in *Kitchen*, Maxion also argues as part of her point that "[t]he reparations which consist of money 'Due to CSCD' are not supported by the record" and asks us to delete that part of the reparations for that reason. She cites our opinion in *Lewis v. State*, in which we struck reparations based on amounts "Due to CSCD" because the record was not clear where the amounts came from. 423 S.W.3d 451, 461 (Tex. App.—Fort Worth 2013, pet. ref'd). In Maxion's argument, she asserts, "What 'Due to CSCD' represents or how such a cryptic allegation can be controverted turns the concept of due process on its head." We therefore conclude that her point does include a complaint that there is no basis in the record for the $15 attributable only to administrative financial obligations "DUE TO CSCD." *See id.*; *see also Demerson v. State*, No. 02-18-00003-CR, 2018 WL 3580893, at *3 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op., not designated for publication) (collecting cases from this court deleting fees "Due to CSCD"). We therefore sustain the remaining part of Maxion's sole point that challenges the basis for only $15 of the total reparations amount.

### Conclusion

Having determined that $15 of the reparations included in the judgment—represented in the balance sheet as being "DUE TO CSCD"—has no basis in the record and sustaining the part of Maxion's point raising that complaint, we strike $15

5

of the $555 assessed as reparations in the judgment and modify the judgment to assess reparations of only $540. We likewise modify the order of withdrawal of funds incorporated into the judgment by reference so that it authorizes the withdrawal of only $540. Having overruled the rest of Maxion's sole point, we affirm the trial court's judgment as modified.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 18, 2019