

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00029-CR

———————————————————

ROBERT E. SANDERS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1547033D

---

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr
Justice Bassel concurs without opinion

## MEMORANDUM OPINION

In a single point, Appellant Robert E. Sanders asserts that the trial court violated his due-process rights by ordering him to pay $500 in reparations because the record does not support reparations. We will affirm the judgment as modified.

## Background

In June 2018, Sanders pleaded guilty to theft of property greater than $2,500 but less than $30,000 pursuant to a plea-bargain agreement. *See* Tex. Penal Code Ann. § 31.03(e)(4)(A). In accordance with the plea agreement, the trial court placed him on two years' deferred-adjudication community supervision and imposed a $200 fine. Sanders's community-supervision conditions included a $20 crime-stoppers fee and a $60-per-month probation fee.[1] *See* Tex. Code Crim. Proc. Ann. arts. 42A.301(b)(20) (authorizing crime-stoppers fee), 42A.652(a) (mandating assessment of monthly probation fees).

In December 2018, the State petitioned to proceed to adjudication, ultimately alleging that Sanders committed 11 community-supervision-condition violations.[2] At the January 2019 hearing on the petition, Sanders pleaded "true" to seven of those violations. The trial court found that those violations were true, adjudicated Sanders

---

[1]The terms "probation" and "community supervision" are synonymous and are generally used interchangeably. *Hongpathoum v. State*, Nos. 02-18-00061-CR, 02-18-00062-CR, 02-18-00063-CR, 2019 WL 2432152, at *1 n.1 (Tex. App.—Fort Worth June 6, 2019, no pet.).

[2]The State did not allege Sanders's failing to pay fees as a violation.

guilty, and sentenced him to one year's confinement. The trial court's judgment adjudicating guilt ordered Sanders to pay $500 in reparations. Sanders has appealed.

## Analysis

In his only point, Sanders asserts that because the record does not support the reparations, the trial court violated his due-process rights by imposing them, and therefore, the reparations must be deleted from the judgment and the attached order to withdraw funds.[3]

The balance sheet of the Tarrant County Community Supervision and Correction Department (CSCD) shows that Sanders owed $500 in reparations, consisting of $420 in "PROBATION FEES" and $80 "DUE TO CSCD." Sanders first argues that the reparations amount cannot be upheld because, in contrast to the balance sheet, the district clerk's certified bill of costs lists "$0.00" as court costs and the district clerk's "List of Fee Breakdowns" shows that the "Probation Fees Remaining" and the "Due to CSCD Remaining" are "0.00." Sanders asserts that "[o]n

---

[3]Sanders relies heavily on our prior opinions in *Maxion v. State*, No. 02-18-00176-CR, 2019 WL 1495048 (Tex. App.—Fort Worth Apr. 4, 2019) (mem. op. on reh'g, not designated for publication), and *Kitchen v. State*, No. 02-18-00374-CR, 2019 WL 1495713 (Tex. App.—Fort Worth Apr. 4, 2019) (mem. op. on reh'g, not designated for publication). We are not bound by these opinions because in each case, we granted the State's motion for en banc reconsideration and withdrew our prior opinion and judgment. *See Maxion v. State*, No. 02-18-00176-CR, 2019 WL 3269324, at *1 (Tex. App.—Fort Worth July 18, 2019, pet. filed) (mem. op. on en banc reconsideration, not designated for publication); *Kitchen v. State*, No. 02-18-00374-CR, 2019 WL 3069871, at *1 (Tex. App.—Fort Worth July 15, 2019, pet. filed) (op. on en banc reconsideration).

the face of these documents, there is a contradiction in the amount of probation fees that remain outstanding."

The district clerk's certified bill of costs assessed only court costs and did not address reparations.[4] The CSCD balance sheet shows that Sanders owed $420 in probation fees and $80 "DUE TO CSCD," both of which were categorized as reparations. *See Ayala v. State*, No. 02-17-00385-CR, 2018 WL 2727954, at *1 (Tex. App.—Fort Worth June 7, 2018, no pet.) (mem. op., not designated for publication) (recognizing that CSCD categorizes community-supervision and crime-stopper fees as reparations). The district clerk's list of fee breakdowns reflects that no probation fees or other CSCD amounts remained due because they had been categorized as reparations on the CSCD balance sheet. *See Lyle v. State*, No. 02-17-00227-CR, 2019 WL 3024480, at *3 (Tex. App.—Fort Worth July 11, 2019, no pet. h.) (mem. op., not designated for publication); *see also Hongpathoum*, 2019 WL 2432152, at *3 ("Viewing [the balance sheet and list of fee breakdowns] collectively and in the light most favorable to the reparations award, Hongpathoum's unpaid probation fees were transferred from one ledger . . . to another ledger . . . , which explains why the 'List of Fee Breakdowns' shows a zero balance."); *Ayala*, 2018 WL 2727954, at *1 ("Because these [unpaid community-supervision, crime-stoppers, and family-violence] fees were characterized as reparations in CSCD's balance sheet, the clerk's

---

[4]According to the State, in Tarrant County, "the bills of cost no longer reference probation fees and only include court costs."

fee-breakdown list correctly noted that there were no amounts due as fees."). Thus, the district clerk's bill of costs and fee-breakdown list do not conflict with CSCD's balance sheet.

Next, Sanders argues that because there is no record evidence demonstrating what fees he paid and what he did not pay, the trial court's imposing reparations violated his due-process rights, and the reparations amount must thus be deleted from the judgment.

Unpaid probation fees may be taxed against a defendant as reparations. *See Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd). This is true even if, as in this case, the State did not allege Sanders's failure to pay probation fees as a ground for revocation. *See Tucker v. State*, Nos. 02-15-00265-CR, 02-15-00266-CR, 2016 WL 742087, at *1 (Tex. App.—Fort Worth Feb. 25, 2016, pet. ref'd) (mem. op., not designated for publication); *Edwards v. State*, Nos. 09-13-00360-CR, 09-13-00361-CR, 2014 WL 1400747, at *2 (Tex. App.—Beaumont Apr. 9, 2014, no pet.) (mem. op., not designated for publication). We review the assessment of costs "to determine if there is a basis for the cost," not whether the evidence was sufficient to prove each assessed cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014).

Here, CSCD's balance sheet is sufficient to support the $420 in probation fees ordered as reparations.[5] *See Hongpathoum*, 2019 WL 2432152, at *3. But the $80 categorized as "DUE TO CSCD" is another matter. We have repeatedly held that an amount stated as being "due to CSCD" with no further identifying information in the record gives us no basis to determine the authority for the assessment.[6] *See, e.g., Aguirre v. State*, No. 02-18-00117-CR, 2018 WL 6844137, at *3 (Tex. App.—Fort Worth Dec. 31, 2018, pet. ref'd) (mem. op., not designated for publication); *see also Demerson v. State*, No. 02-18-00003-CR, 2018 WL 3580893, at *3 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op., not designated for publication) (collecting cases).

Regarding these remaining reparations, the State asserts that $20 of the $80 "DUE TO CSCD" was for the statutorily authorized crime-stoppers fee that the trial court ordered Sanders to pay as part of his community-supervision conditions. *See* Tex. Code Crim. Proc. Ann. art. 42A.301(b)(20). The record reflects that when the trial court deferred adjudicating Sanders's guilt, it ordered him to pay a $20 crime-

---

[5]The trial court placed Sanders on deferred-adjudication community supervision on June 15, 2018, and ordered him to pay a monthly $60 probation fee beginning July 15, 2018. *See generally* Tex. Code Crim. Proc. Ann. art. 42A.652(a) (mandating assessment of monthly probation fees). The trial court revoked Sanders's community supervision and adjudged him guilty on January 18, 2019. Therefore, Sanders accrued probation fees for seven months, and according to CSCD, he still owed those fees (7 months x $60 per month, or $420) at the time of his adjudication.

[6]It seems to us that such information could easily be made part of the record.

stoppers fee "to and through" CSCD as a condition of his community supervision. Sanders does not contest that he owes the crime-stoppers fee or that the fee is unpaid, and the record does not show that he paid the fee. Accordingly, the record does reflect a basis for $20 of the $80 "DUE TO CSCD." *See Ayala*, 2018 WL 2727954, at *1 (concluding that crime-stoppers fee and family-violence fee ordered as community-supervision conditions constituted amount "due to CSCD"); *see also Taylor v. State*, No. 08-19-00032-CR, 2019 WL 1923006, at *1 (Tex. App.—El Paso Apr. 30, 2019, no pet.) (mem. op., not designated for publication) (holding that the reparations assessment in the amount of $180 "due to CSCD" was partially supported by the record because the trial court ordered a $50 crime-stoppers fee and a $100 family-violence fee as community-supervision conditions, there was no evidence that appellant had paid anything to CSCD for those fees, and appellant did not argue otherwise).

The State concedes that the record does not support the remaining $60 purportedly "due to CSCD." We have reviewed the record and agree with the State. *Cf. Riojas v. State*, No. 02-18-00026-CR, 2018 WL 3580897, at *2 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op., not designated for publication) ("There is nothing in the record to indicate what [the $65 'DUE TO CSCD'] is or why it is in that amount."). Accordingly, we sustain Sanders's point to the extent that we will delete $60 from the $500 reparations amount, leaving a total of $440 in reparations. We overrule the remainder of his sole point.

## Conclusion

Having sustained Sanders's sole point in part, we modify the judgment to assess $440 in reparations. We additionally modify the order to withdraw funds to reflect that the amount of "[c]ourt costs, fees and/or fines and/or restitution" incurred is $440. We affirm the trial court's judgment as modified. *See* Tex. R. App. P. 43.2(b).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 26, 2019

8