

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00502-CR

———————————————

FORTINO GALLEGOS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1418532D

---

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant Fortino Gallegos appeals from the trial court's revocation of his community supervision, from the adjudication of his guilt for burglary of a habitation, and from the imposition of a five-year sentence. His sole appellate challenge, however, is to $70 imposed as reparations in the trial court's judgment. We conclude that $15 of this reparations amount must be deleted but that the remainder of the reparations amount was appropriately entered.

### II. BACKGROUND

Gallegos was charged by indictment with burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02(a)(1). Gallegos pleaded guilty to the charged offense in exchange for the State's recommendation that the adjudication of his guilt be deferred and that he be placed on community supervision for eight years. The trial court followed the State's recommendation, deferred adjudicating Gallegos's guilt, placed him on community supervision for eight years, and ordered him to comply with several community-supervision conditions. *See* Tex. Code Crim. Proc. Ann. arts. 42A.101, .104.

Almost two years later, the State filed a petition to proceed to an adjudication of Gallegos's guilt and to revoke his community supervision based on his alleged violations of some of the previously imposed community-supervision conditions. *See id.* art. 42A.108. At the hearing on the petition, Gallegos pleaded true to the State's

allegations. The trial court found the allegations true, revoked his community supervision, and adjudicated him guilty of burglary of a habitation. The trial court sentenced Gallegos to five years' confinement and ordered reparations in the amount of $70. *See id.* art. 42.03, § 2(b), art. 42A.110

Three days after the trial court entered its judgment, the Tarrant County Community Supervision and Corrections Department (CSCD) submitted a balance sheet to the trial court showing that the $70 in reparations was derived from $15 "DUE TO CSCD" and $55 in "PROBATION FEES." The Tarrant County District Clerk's list of fee breakdowns, submitted the same day as the balance sheet, reflected "0.00" for "Probation Fees Remaining" and "0.00" for "Due to CSCD Remaining." Gallegos now argues that categorizing community-supervision fees as reparations violates due process and that the amount due to CSCD has no basis in the record. We partially sustain and partially overrule his issue.

## III. DISCUSSION

Regarding the $55 identified as community-supervision fees, Gallegos recognizes that we have directly held against his position. *See Hongpathoum v. State*, Nos. 02-18-00061-CR, 02-18-00062-CR, 02-18-00063-CR, 2019 WL 2432152, at *2–3 (Tex. App.—Fort Worth June 6, 2019, no pet.); *Ayala v. State*, No. 02-17-00385-CR, 2018 WL 2727954, at *1 (Tex. App.—Fort Worth June 7, 2018, no pet.) (mem. op., not designated for publication); *Smith v. State*, Nos. 02-16-00412-CR, 02-16-00413-CR, 2017 WL 2276751, at *3 (Tex. App.—Fort Worth May 25, 2017, pet. ref'd) (mem. op.,

not designated for publication); *Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd). But the $15 noted as being due to CSCD has no basis in the record, which the State concedes. *See Hongpathoun*, 2019 WL 2432152, at *2. This amount must be deleted from the judgment and from the order to withdraw funds that was attached to and incorporated into the trial court's judgment.

## IV. CONCLUSION

We conclude that the amount of reparations attributable to community-supervision fees was appropriately entered as reparations in the trial court's judgment. *See Lyle v. State*, No. 02-17-00227-CR, 2019 WL 3024480, at *3 (Tex. App.—Fort Worth July 11, 2019, no pet. h.) (mem. op., not designated for publication). But the amount identified only as due to CSCD has no basis in the record and must be deleted. *See id.* Accordingly, we modify the trial court's judgment adjudicating guilt to delete $15 from the $70 imposed as reparations. We additionally modify the incorporated order to withdraw funds to delete $15 from the incurred "[c]ourt costs, fees and/or fines and/or restitution," for a remaining total of $55. As modified, we affirm the trial court's judgment adjudicating guilt. *See* Tex. R. App. P. 43.2(b).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 26, 2019

4