

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00176-CR

———————————————

KENDRA PHILLIANA MAXION, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1398848D

Before Gabriel, Pittman, and Bassel, JJ.
Memorandum Opinion on Rehearing by Justice Bassel
Dissenting and Concurring Memorandum Opinion on Rehearing by Justice Gabriel

## MEMORANDUM OPINION ON REHEARING

On December 31, 2018, this court issued an opinion modifying the trial court's judgment to delete $555 in reparations that were not supported either by statute or by the record. The State filed a motion for rehearing and a motion for en banc reconsideration contending that the language we used in reaching our holding intimated that the State was required to plead or to allege the failure to pay probation fees as a ground in its petition to proceed to adjudication in order to recover such fees and asserting that the record is sufficient to support the reparations ordered by the trial court. We deny the State's motion for rehearing but withdraw our prior opinion and judgment dated December 31, 2018, and substitute the following opinion and judgment. We dismiss the State's motion for en banc reconsideration as moot.

## I. Introduction

In a single point, Appellant Kendra Philliana Maxion challenges the fee "DUE TO CSCD" and the probation fees ordered as reparations in the judgment adjudicating her guilt. Because there is no statutory basis for the fee "DUE TO CSCD" and because the record does not support the probation fees, we delete the reparations from the order to withdraw funds and from the judgment and affirm the judgment as modified.

## II. Background

On June 16, 2015, the trial court placed Maxion on five years' deferred-adjudication community supervision. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A).

2

Maxion's conditions of community supervision required her to pay a supervision fee of $60 monthly beginning July 15, 2015. The State ultimately filed a sixth amended petition to proceed to adjudication, alleging that Maxion had violated eight conditions of her community supervision. On March 28, 2018, the trial court held a hearing at which the State waived several violations, and Maxion pleaded true to the remaining violations. The trial court accepted Maxion's pleas of true, adjudicated her guilty of the original offense of evading arrest or detention with a motor vehicle, and sentenced her to six years' imprisonment. The judgment orders Maxion to pay reparations in the amount of $555, which consists of $540 in probation fees and $15 in fees "DUE TO CSCD."

### III.  Reparations Not Supported Either by Statute or by the Record

### A.  Reparations Labeled as Fee "DUE TO CSCD"

In her sole point, Maxion argues that the trial court violated her right to due process when it imposed money "DUE TO CSCD" and probation fees as reparations in the judgment. The State concedes that the $15 fee "DUE TO CSCD" should be deleted from the reparations total because there is no statutory basis for the fee. We agree. *See Lewis v. State*, 423 S.W.3d 451, 461 (Tex. App.—Fort Worth 2013, pet. ref'd) (striking from the reparations total the amount "DUE TO CSCD" because there was no support in the record to show where the amount came from); *see also Demerson v. State*, No. 02-18-00003-CR, 2018 WL 3580893, at *3 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op., not designated for publication) (collecting

cases from this court deleting fees "DUE TO CSCD"). We therefore sustain the portion of Maxion's sole point challenging the portion of reparations that represents fees "DUE TO CSCD."

## B. Reparations Labeled as Probation Fees

With regard to the portion of the reparations that represents probation fees, Maxion challenges that reparations can be defined broadly enough to include probation fees. We have repeatedly rejected this argument, and we decline to reexamine the argument here.[1] *See Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd); *Tucker v. State*, Nos. 02-15-00265-CR, 02-15-00266-CR, 2016 WL 742087, at *2 (Tex. App.—Fort Worth Feb. 25, 2016, pet. ref'd) (mem. op., not designated for publication).

Because the statement of an issue is treated as covering every subsidiary question that is fairly included, we broadly construe Maxion's argument to also challenge the trial court's imposition of probation fees. *See generally* Tex. R. App. P. 38.1(f) (stating rule on issues presented in briefs). The code of criminal procedure provides that "a judge who grants community supervision to a defendant shall set a fee of not less than $25 and not more than $60 to be paid each month during the period of community supervision by the defendant." Tex. Code Crim. Proc. Ann. art. 42A.652(a). The code of criminal procedure also mandates that when a person is required to pay a cost, that cost must be documented by a bill. *See id.* art. 103.001(b).

_____

[1]Maxion's brief acknowledges that this court has held contrary to her argument.

4

The fact that the charge for community supervision is described as a fee rather than as a cost does not except it from the requirement of including it on a written bill. *Cf. Beard v. State*, Nos. 09-13-00391-CR, 09-13-00392-CR, 2013 WL 6705981, at *2 (Tex. App.—Beaumont Dec. 18, 2013, no pet.) (mem. op., not designated for publication) (treating administrative fee that is assessed for an individual's failure to pay the monthly community supervision fee as a cost subject to the requirements of article 103.001); *cf. also Ireland v. State*, No. 03-14-00615-CR, 2015 WL 4914732, at *1 (Tex. App.—Austin Aug. 12, 2015, no pet.) (mem. op., not designated for publication) (discussing administrative transaction fee established by article 102.072 as a court cost).

A record is sufficient to support a requirement to pay owed probation fees as reparations when it contains an uncontradicted, unobjected-to CSCD balance sheet showing the arrearage. *See Smith v. State*, Nos. 02-16-00412-CR, 02-16-00413-CR, 2017 WL 2276751, at *4 (Tex. App.—Fort Worth May 25, 2017, pet. ref'd) (mem. op., not designated for publication). The Texas Court of Criminal Appeals has noted that although a bill of costs is not required to support a judgment for costs, "it is the most expedient, and therefore, preferable method." *Johnson v. State*, 423 S.W.3d 385, 396 (Tex. Crim. App. 2014); *see Steen v. State*, No. 02-13-00559-CR, 2014 WL 4243702, at *2 (Tex. App.—Fort Worth Aug. 28, 2014, pet. ref'd) (mem. op., not designated for publication) (applying *Johnson* to probation fees assessed in bill of costs). Accordingly, this court has previously relied on the bill of costs or an uncontradicted CSCD

5

balance sheet or both—when they reflect the same amount—to determine the amount of probation fees due, as exemplified in the following cases.

### 1. Summary of Prior Holdings[2]

In *Steen*, we held that the certified bill of costs, showing that the appellant owed $2,507 in community-supervision fees at the time of the revocation hearing was "enough to support inclusion in the judgment of $2,507 in statutorily-authorized, community-supervision fees." 2014 WL 4243702, at *2. In that case, the record also included a CSCD balance sheet showing fees "DUE TO CSCD" of $137 and probation fees of $2,370 for total reparations of $2,507.

In *Tucker*, we held that "[t]he amount of the community supervision fees owed were supplied by the Balance Sheet and the Certified Bill of Costs, both of which are part of the record. This is sufficient evidence to support the amount of $120 in community supervision fees assessed as reparations." 2016 WL 742087, at *2.

In *Taylor v. State*, both the bill of costs and the CSCD balance sheet reflected that the appellant owed $135 in reparations, and only the list of fee breakdowns showed that there was $0 in probation fees remaining. No. 02-15-00425-CR, 2016 WL 3159156, at *5 (Tex. App.—Fort Worth June 2, 2016, pet. ref'd) (mem. op., not designated for publication). We looked at the three documents collectively in the light most favorable to the award of reparations and held that the certified bill of costs and

---

[2]Each of the following cases dealt with reparations assessed in Tarrant County.

the CSCD balance sheet "qualif[ied] as sufficient evidence to support the reparations." *Id.*

Similarly, in *Zamarripa*, we held that "the $292 in community supervision fees appearing on the balance sheet and on the certified bill of costs support[ed] the award of $292 in community supervisions fees listed as reparations in the trial court's judgment" and disregarded the list of fee breakdowns that showed $0 for probation fees remaining. 506 S.W.3d at 716–17.

In *Smith*, we held that "in the absence of contradicting evidence showing that appellant did not owe the reparations or had already paid them, the CSCD balance sheet contained in the record is sufficient to support the reparations." 2017 WL 2276751, at *3 (footnote omitted). The record, however, reflects that the bill of costs did not list any probation fees, that the CSCD balance sheet reflected probation fees of $1,085 as reparations, and that the list of fee breakdowns reflected $0 in probation fees remaining.

In *Hill v. State*, the record contained contradictory documents showing that the appellant owed probation fees of either $1,605 (the CSCD balance sheet) or $0 (the bill of costs did not list any and the list of fee breakdowns reflected $0), and the State conceded that there was no evidence or any finding in the record that the appellant had failed to pay $1,605 in probation fees. No. 02-17-00088-CR, 2017 WL 3821898, at *1 (Tex. App.—Fort Worth Aug. 31, 2017, no pet.) (mem. op., not designated for publication). We agreed and deleted the reparations.

In *Riojas v. State*, we relied solely on the CSCD balance sheet and did not mention the bill of costs, which was part of the record and did not list any outstanding probation fees. No. 02-18-00026-CR, 2018 WL 3580897, at *2 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op., not designated for publication). Utilizing the terms from the appellant's conditions of community supervision, we multiplied the $60 monthly fee times the eight months that had elapsed between when the trial court placed the appellant on deferred-adjudication community supervision and when it revoked his community supervision. *Id.* That amount—$480—matched the amount shown on the CSCD balance sheet. *Id.* Accordingly, we held that the record supported the $480 portion of the reparations ordered for probation fees. *Id.*

In *Ayala v. State*, we relied on the CSCD balance sheet instead of the list of fee breakdowns but recalculated the probation fees because the State conceded that it had charged the appellant for one extra month. No. 02-17-00385-CR, 2018 WL 2727954, at *1 (Tex. App.—Fort Worth June 7, 2018, no pet.) (mem. op., not designated for publication). The opinion does not mention the bill of costs, which was included in the record but did not list probation fees.

### 2. Analysis

Here, the March 28, 2018 certified bill of costs, which is attached to this opinion as Appendix A, shows total costs of $0. The CSCD balance sheet—which was prepared six days later on April 3, 2018, and is attached to this opinion as Appendix B—shows $540 in probation fees. The "List of Fee Breakdowns," which

8

was prepared on April 3, 2018, and is attached to this opinion as Appendix C, shows that Maxion owed $0 in probation fees. On the face of these documents, there is a contradiction in the amount of probation fees that remain outstanding.

In its motion for rehearing, the State attempts to explain away any contradiction as follows:

> While the District Clerk's certified bill of costs and "List of Fee Breakdowns" do not show that Appellant owed probation fees at that time, these documents are not inconsistent and do not present contradictory evidence. All of these documents, together, demonstrate that on March 28, 2018, the day of Appellant's adjudication, no additional costs had been assessed when the Certified Bill of Costs was created. Then, on April 3, 2018, the Community Supervision and Corrections Department calculated Appellant's probation fees arrears at $540.00 and converted them to Reparations. Finally, when the district clerk pulled the records and created the List of Fee Breakdowns, the remaining balance on probation fees was "$0.00" because, at that time, Appellant no longer owed probation fees but owed reparations. And the District Clerk's List of Fee Breakdowns makes no reference to reparations. In short, the Certified Bill of Cost, the District Clerk's List of Fee Breakdowns[,] and the CSCD Balance Sheet, considered together, confirm that Appellant owed probation fees. [Record references and footnotes omitted.]

This explanation of the procedure for how and when probation fees were converted to reparations is not, however, in the record. Nor does it explain why the total reparations were not listed on the bill of costs.[3]

---

[3]We note that the records from prior Tarrant County cases have listed reparations on the bill of costs. *See Zamarripa*, 506 S.W.3d at 717 (mentioning that community supervision fees were shown on the certified bill of costs; record reflects that the bill of costs lists the fee as "Reparation (Probation Fees)"); *Taylor*, 2016 WL 3159156, at *5 (same); *Tucker*, 2016 WL 742087, at *2 (same); *Steen*, 2014 WL 4243702, at *2 (stating that "[t]he certified bill of cost, included in the record of this case, show[ed that] Appellant owed $2,507 in community-supervision fees"; record

9

Moreover, even if we assume that the above procedure was utilized and that the probation fees were converted to reparations, neither we nor the State can calculate the amount of outstanding probation fees. The State in its motion for rehearing states that Maxion's total exposure for probation fees was $1,980, which was calculated by multiplying $60 per month times the thirty-three months (from July 15, 2015 through March 15, 2018) that she was on probation. But the amount of outstanding probation fees shown on the CSCD balance sheet is $540. The State concludes,

> While there is no specific evidence regarding what months Appellant did or did not pay [probation fees], this document [the CSCD balance sheet] supports that Appellant owed $540 in probation fees because she did not pay off the entire $1980 owed.
>
> In short, the evidence was sufficient to support the trial court's order for reparations. [Record references omitted.]

The State thus concedes that the amount of probation fees remaining cannot be calculated based on the record before us and that instead of calculating the amount, we are to rely on a single-line gross accounting entry that has no supporting detail.[4]

---

reflects that the bill of costs lists the fee as "Reparation (Probation Fees)"); *Strange v. State*, No. 02-14-00055-CR, 2014 WL 3868225 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.) (mem. op., not designated for publication) (although not stated in the opinion because the State conceded error, the record contains a bill of costs reflecting "Reparation (Probation Fees)" of $443).

[4]While we agree with the State that the existence of administrative documents in the record can be sufficient evidence to support an order for reparation, the administrative documents in the record in this case are insufficient to show that "there is a basis for the cost." *See Johnson*, 423 S.W.3d at 390. And unlike *Zamarripa*, which the State urges us to rely on, we do not have a certified bill of costs that matches the CSCD balance sheet. 506 S.W.3d at 716.

As set forth above, we have no case from this court in which a contradiction between the CSCD balance sheet and the bill of costs was highlighted and in which we chose to rely solely on the CSCD balance sheet for the amount of probation fees remaining. Nor have we relied solely on the CSCD balance sheet without being able to recalculate the amount shown or the amount conceded by the State.

Because the CSCD balance sheet is contradicted by the bill of costs and because the amount shown on the CSCD balance sheet cannot be recalculated, we conclude that the record does not support the amount of probation fees assessed as reparations. *See Hill*, 2017 WL 3821898, at *1. Accordingly, we sustain the remainder of Maxion's sole point.

## IV. Conclusion

Having sustained Maxion's sole point challenging the reparations ordered in the judgment, we delete $555 from the order to withdraw funds so that it reflects that $0 should be withdrawn from Maxion's inmate trust account; we delete the line in the judgment that states, "REPARATIONS IN THE AMOUNT OF $555"; and we affirm the judgment as modified. *See id.* (striking reparations when the only evidence of probation fees was contradictory).

/s/ Dabney Bassel
Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 4, 2019

11



# BILL OF COST

### CAUSE NO. 1398848D

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 297TH DISTRICT COURT |
| | § | |
| v. | § | |
| | § | |
| KENDRA PHILLIANA MAXION | § | TARRANT COUNTY, TEXAS |
| | § | |
| | § | |

The total cost assessed in this case for court costs:

### COURT COST BREAKDOWN

| Total Court Cost Breakdown: | $0.00 |
|---|---|

### DISTRICT COURT OF TARRANT COUNTY, TEXAS

I hereby certify that the foregoing is a correct account of the **Court Costs adjudged against the Defendant** in the above entitled and numbered cause, up to 3/28/2018.



Deputy, Robert Gonzalez
**Thomas A. Wilder, District Clerk**
Tarrant County, Texas

Page ____ of ____

**77**

12

# COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT
## OF TARRANT COUNTY

DATE:  4/03/18

TO: DAVID HAGERMAN, JUDGE     DEFENDANT: MAXION, KENDRA
    D297                      CASE NO. : 1398848
                            PROBATION OFFICER: SHANNON ALONSO

**************************************************************************
    REVOCATION RESTITUTION/REPARATION BALANCE SHEET - Art. 42.03 SEC. 2,b C.C.P.

I.   ADMINISTRATIVE FINANCIAL OBLIGATIONS     Total Amount Owed    Arrears

     PROBATION FEES                      $540.00         $540.00
     DUE TO CSCD                       $15.00          $15.00

            Total of all Reparations Owed:     $555.00      $555.00

II.  COURT COST:

            Total Amount of Court Cost Owed:    $0.00       $0.00

III. RESTITUTION

            Total Amount of Restitution Owed:   $0.00       $0.00

**************************************************************************

IV.  CODEFENDANTS ALSO OBLIGATED TO PAY TOWARD ABOVE RESTITUTION:

    <u>Name</u>                    <u>Case</u>

**69**

```
                              jimsdetl
                   Tarrant County District Clerk        Page:    1
                     List of Fee Breakdowns             Date: 04/03/2018
                       for D297-1398848-00              Time: 08:15
```

```
Court Costs Remaining                              0.00
Fines Remaining                                    0.00
Attorney Fees Remaining                            0.00
CVCA Fees Remaining                                0.00
Probation Fees Remaining                           0.00
Due to CSCD Remaining                              0.00
=====================================================
Balance Remaining                                  0.00
```

| No Money Transactions Fee Description | Amount Due |
|---|---|
| Clerk Fees | $40.00 |
| DC Rec Pre&Auto | $2.50 |
| DC Recs Tech | $4.00 |
| Sheriff Service | $10.00 |
| Security Fees | $5.00 |
| Crim. Records | $22.50 |
| Jury Service FD | $4.00 |
| PO Arrest Fee | $50.00 |
| PO Commit/Rel | $5.00 |
| Time Payment | $25.00 |
| Ind DefenseFund | $2.00 |
| Jud Support-CRM | $6.00 |
| E-File Crim | $5.00 |
| CCC-Felony | $133.00 |
| **Total** | **$314.00** |

| Yes Money Transactions Fee Description | Amount Due |
|---|---|
| Clerk Fees | $40.00 |
| DC Rec Pre&Auto | $2.50 |
| DC Recs Tech | $4.00 |
| Sheriff Service | $10.00 |
| Security Fees | $5.00 |
| Crim. Records | $22.50 |
| Jury Service FD | $4.00 |
| PO Arrest Fee | $50.00 |
| PO Commit/Rel | $5.00 |
| Time Payment | $25.00 |
| Ind DefenseFund | $2.00 |
| Jud Support-CRM | $6.00 |
| E-File Crim | $5.00 |
| CCC-Felony | $133.00 |
| **Total** | **$314.00** |

| Party Number & Name | Amount Paid |
|---|---|
| 1    MAXION, KENDRA PHILLIANA | 314.00 |

70