

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CHAZ ERIN TAYLOR, | § | No. 08-19-00032-CR |
| Appellant, | § | Appeal from |
| v. | § | 371st District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC # 1502662D) |
| | § | |

## **O P I N I O N**

Chaz Erin Taylor is appealing his conviction of assault causing bodily injury against a family member by impeding breath. Appellant waived his right to a jury trial and entered a negotiated plea of guilty. In accordance with the plea bargain, the trial court deferred the adjudication of guilt and placed Appellant on deferred adjudication community supervision for ten years. The deferred adjudication judgment also imposed a fine of $500. The State subsequently filed a motion to adjudicate guilt based on allegations that Appellant violated several terms and conditions of community supervision. Based on Appellant's open plea of true to three of the allegations, the trial court adjudicated Appellant's guilt and assessed his punishment at a fine of $497.00 and imprisonment in TDCJ-ID for fifteen years. We reform the judgment by deleting the $497 fine and by reducing the total reparations assessed against Appellant by the sum of $30. The judgment, as so modified, is affirmed.

**REPARATIONS**

In Issue One, Appellant argues that the trial court violated his right to due process by imposing the sum of $970 as reparations. Under the portion of the judgment containing special findings and orders, the judgment imposes "Reparations in the amount of $970.00." The clerk's record includes a document entitled "Revocation Restitution/Reparations Balance Sheet" prepared by the Tarrant County Community Supervision and Corrections Department listing the sum of $180 as "Due to CSCD" and the sum of $790 as "Probation Fees."[1]

This appeal was transferred from the Second Court of Appeals to this Court pursuant to a docket equalization order entered by the Texas Supreme Court. We are obligated to decide the case in accordance with the precedent of the Second Court of Appeals. *See* TEX.R.APP.P. 41.3. The Second Court of Appeals has rejected Appellant's primary argument that the assessment of community supervision fees as reparations violates due process. *See Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex.App.--Fort Worth 2016, pet. ref'd). Accordingly, we likewise reject Appellant's due process argument and overrule this aspect of Issue One. We will, however, review the assessment of costs to determine if there is a basis for the costs imposed by the trial court in its judgment. *See Zamarripa*, 506 S.W.3d at 716.

The Second Court of Appeals has held that a cost that is labeled "Due to CSCD" without any further explanation must be deleted because the court is unable to discern any authority for the cost. *See Aguirre v. State*, No. 02-18-00117-CR, 2018 WL 6844137 at*3 (Tex.App.--Fort Worth

---

[1] The document also contains a handwritten notation "Remaining fine $497.00."

December 31, 2018, pet. ref'd).  The assessment of reparations in the amount of $180 as "Due to CSCD" is partially supported by the record.  The trial court's order imposing the terms and conditions of community supervision required Appellant to pay a $50 crime stoppers fee and a $100 family violence fee.  The record does not contain any evidence showing that Appellant made any payment to CSCD for these two fees and Appellant does not argue otherwise.  There is no basis in the record for the remaining $30 of the $180 assessed by the trial court as "Due to CSCD."  Consequently, we will delete $30 from the amount "Due to CSCD."  To this limited extent only, Issue One is sustained.

## IMPOSITION OF A FINE

In Issue Two, Appellant challenges the imposition of the fine in the amount of $497.  The State concedes that the fine must be deleted from the judgment because the trial court's oral pronouncement of sentence did not include the imposition of any fine.  A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement.  *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex.Crim.App. 2002).  When the trial court's oral pronouncement conflicts with the written judgment, the oral pronouncement controls.  *Madding,* 70 S.W.3d at 135.  A fine is part of the convicted defendant's sentence and it must be included in the oral pronouncement of sentence. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex.Crim.App. 2011).  When the trial court set aside the order deferring the adjudication of Appellant's guilt, it could not impose the $500 fine previously assessed, or the portion of the fine remaining unpaid, unless it orally pronounced the fine as part of Appellant's sentence.  *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex.Crim.App.

2004).  Issue Two is sustained.

Having sustained Issue One in part, the judgment is modified to reflect that the total amount of reparations is $940 ($970 less $30).  Having sustained Issue Two, the fine in the amount of $497 is deleted from the judgment.  The judgment, as so modified, is affirmed.

April 30, 2019

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)