

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

## No. 02-18-00374-CR

———————————————————

ZACHARY AUGUSTE KITCHEN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1478907D

---

Before the En Banc Court
Opinion by Justice Birdwell
Justices Pittman and Bassel dissent without opinion.

## OPINION ON EN BANC RECONSIDERATION

On en banc reconsideration of this appeal, we address the only argument raised in the appellant's point: whether a trial court's imposition of unpaid probation fees as reparations in a post-deferred-adjudication judgment adjudicating guilt violates due process. Having repeatedly addressed and denied this exact issue, we again overrule it and affirm the trial court's judgment.

### I.  Background

In August 2017, in accordance with a plea bargain, the trial court placed Zachary Auguste Kitchen on nine years' deferred-adjudication community supervision. *See* Tex. Penal Code Ann. § 22.04(f). The deferred adjudication order imposed court costs of $289, no fine, and no restitution. As conditions of community supervision, the trial court ordered Kitchen to pay $289 in court costs to the District Clerk of Tarrant County. It also ordered Kitchen to pay a fee of $60 for each month of supervision,[1] beginning on September 15, 2017, to Tarrant County's Community Supervision and Corrections Department. Kitchen waived his right to appeal the deferred adjudication order and therefore cannot now challenge the trial court's inclusion of $289 in court costs in that order. *See Wiley v. State*, 410 S.W.3d 313, 319–21 (Tex. Crim. App. 2013); *Lawrence v. State*, 420 S.W.3d 329, 334 (Tex. App.—Fort Worth 2014, pet. ref'd).

---

[1]The code of criminal procedure mandates the assessment of monthly probation fees. Tex. Code Crim. Proc. Ann. art. 42A.652(a).

In December 2017, the State filed a petition to proceed to adjudication, alleging that Kitchen had violated five conditions of his community supervision unrelated to the payment of fees or costs. On July 3, 2018, the trial court held a hearing at which the State waived paragraph two of its petition, and Kitchen pleaded "true" to the violation listed in paragraph one. The trial court accepted Kitchen's plea of "true" to paragraph one and also found the allegations in paragraphs three through five to be true, adjudicated him guilty of the original offense of injury to a child causing bodily injury, and sentenced him to ten years' imprisonment. The judgment ordered Kitchen to pay $420 in "reparations," but it did not impose court costs, a fine, restitution, or any other monetary obligation.

Kitchen appealed the trial court's judgment and challenged only the reparations. *See Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011) (holding that complaint about the assessment and amount of costs is a criminal law matter that we must address).

The record contains the following items related to costs and fees:

• the original order placing Kitchen on deferred adjudication;

• the conditions of Kitchen's community supervision;

• an undated Bill of Cost from the Tarrant County District Clerk's office certifying that Kitchen owed $0.00 for court costs "up to 7/3/18";

• an unsigned List of Fee Breakdowns from the Tarrant County District Clerk dated July 11, 2018, which shows a detailed breakdown of the $289 court costs

charged and paid. It also contains a separate list of other types of charges "[r]emaining," such as fines, CVCA fees, probation fees, and "Due to CSCD," all of which show a balance of $0.00; and

• a balance sheet from the Tarrant County Community Supervision and Corrections Department dated July 10, 2018, indicating that Kitchen owed $420 as reparations under the heading "Administrative Financial Obligations" and subheading of "Probation Fees."

## II. Kitchen's Point and Argument on Appeal

Kitchen's point on appeal does not mention or discuss evidence showing a basis for the reparations amount; his point instead asserts, "The trial court violated [his] right to due process when it imposed probation fees as 'reparations' in the judgment." His sole arguments are that probation fees in general cannot be characterized as reparations within the bounds of due process because (a) neither a statute nor the court of criminal appeals has defined "reparations" to include probation fees and (b) the common usage of the term "reparations" is "the making of amends for a wrong or injury," and the probation department is not one who has been wronged or injured, nor is it a victim as contemplated and defined by the Texas Crime Victims' Compensation Act, Tex. Code Crim. Proc. Ann. art. 56.32(a)(11). He did not argue that the record does not support the amount of this particular

4

imposition of probation fees, nor did he cite any case law for that proposition.[2] Kitchen likewise did not argue, as did the appellant in *Zamarripa v. State*, that the breakdown sheet of fees showing $0 owed for probation fees showed a lack of basis for the fees' imposition;[3] thus, the analysis of the basis of the reparations assessment in that case is distinguishable. 506 S.W.3d 715, 717 (Tex. App.—Fort Worth 2016, pet. ref'd).[4]

For these reasons, we conclude that Kitchen's sole argument covered only questions related to whether probation fees in general, including the fees assessed in his judgment of conviction, can be properly characterized as reparations under the law

---

[2]Although Kitchen refers to the fees as "allegedly unpaid probation fees," he never challenges whether the record supports the existence or amount of those fees.

[3]*See Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (noting that because court costs are not part of a defendant's guilt or sentence, "we review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost").

[4]Kitchen cites this page of *Zamarripa*, but only for the following assertion: "Undersigned counsel is aware that this Court has held contrary to Appellant's argument regarding probation fees being characterized as reparations. *See Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd). The issue is presented here to preserve it for eventual further review." Kitchen's citation to *Zamarripa* in context does not correspond to a factual argument that the record does not support the reparations amount included in the judgment. Kitchen's reliance on *Zamarripa* appears to be for the sole purpose of preserving his general due-process complaint for review by a higher court on a purely legal question that we have already rejected. In contrast, we have reviewed arguments that a certain fee or cost was not supported by the record on a case-by-case, fact-specific basis. *Compare Aguirre v. State*, No. 02-18-00117-CR, 2018 WL 6844137, at *3 (Tex. App.—Fort Worth Dec. 31, 2018, pet. ref'd) (mem. op., not designated for publication), *with Smith v. State*, Nos. 02-16-00412-CR, 02-16-00413-CR, 2017 WL 2276751, at *3 (Tex. App.—Fort Worth May 25, 2017, pet. ref'd) (mem. op., not designated for publication).

and therefore assessed as such. Having rejected that exact argument in the past, and being provided no additional argument or authority persuading us to revisit those prior holdings, we overrule Kitchen's sole point. *See, e.g.*, *Aguirre v. State*, No. 02-18-00117-CV, 2018 WL 6844137, at *3 (Tex. App.—Fort Worth Dec. 31, 2018, pet. ref'd) (mem. op., not designated for publication); *Zamarripa*, 506 S.W.3d at 716; *Tucker v. State*, Nos. 02-15-00265-CR, 02-15-00266-CR, 2016 WL 742087, at *2 (Tex. App.—Fort Worth Feb. 25, 2016, pet. ref'd) (mem. op., not designated for publication). We therefore need not address any unbriefed issue—including whether this record supports the existence and amount of probation fees imposed. *See* Tex. R. App. P. 47.1; *Lucio v. State*, 351 S.W.3d 878, 896–97 (Tex. Crim. App. 2011).

## III.   Conclusion

Because we have overruled Kitchen's sole point, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Publish

Delivered:  July 15, 2019

6